UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                           DECISION AND ORDER

                                                                           04-CR-6012L
                                                                           06-CV-6292L

                        v.

HAILE DERESS,

                              Defendant.
_____

      Defendant Haile Deress ("Deress") has filed, *pro se,* a motion (Dkt. #31) under 28 U.S.C. § 2255 to vacate the judgement entered in this case on Deress's guilty plea. The motion is in all respects denied.

      Deress had pleaded guilty to one count of a two count indictment pursuant to a written plea agreement. The plea was to a charge of possessing marijuana with intent to distribute it. The charge of possessing a firearm in furtherance of that crime, which contained a mandatory 60 month consecutive sentence was not part of the plea agreement and was dismissed at the time of sentencing. The plea agreement provided that Deress would receive a term of 59 months imprisonment, pursuant to FED. R. CRIM. P. 11(c)(1)(C). As discussed during the plea colloquy, Deress received a significant benefit because of the Government's decision not to press the firearms charge.

Deress's motion is based on the ineffective assistance of trial counsel. The Government filed a response to the motion (Dkt. #38) and with that response it attached the plea agreement, the transcript of the plea colloquy and the sentencing transcript. A review of those documents demonstrates that Deress is entitled to no relief.

First of all, as the Government points out, Deress's motion is not timely, having been filed more than one year after entry of the judgment. This motion was filed well after that.

In addition, the plea agreement itself provided that there would be no appeal and no collateral challenge to the judgment. No appeal was taken but plaintiff has filed this motion.

The standard for determining ineffective assistance of counsel is, of course, governed by the seminal Supreme Court decision in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the well-established standards, Deress has no basis for relief here. The transcript of the plea proceedings shows the benefits Deress received and the efforts his counsel had made on his behalf. Defendant was asked about his conversations with counsel, whether he understood the agreement and whether he had any problem or dispute with his lawyer's representation. In all cases, Deress indicated that he understood the agreement and was satisfied with his counsel's activities. The plea colloquy and the sentencing transcript demonstrates the significant bargain that Deress received based on his guilty plea. By pleading to the charge, which he really admitted, he avoided a significantly greater penalties had he persisted and proceeded to trial.

The potential for Deress to be deported because he is not a citizen of the United States was also discussed in some detail during the Rule 11 colloquy. Deress was advised by the Court in clear terms that the plea that he was entering could subject him to deportation but that such a proceeding

would take place before another tribunal and that this Court had no say in the matter. Deress cannot claim now that he was not aware of not only the jail sentence, which he agreed to, but also the potential that he could be deported once his sentence was completed.

## CONCLUSION

The motion (Dkt. #31) of defendant Haile Deress to vacate or set aside the judgment in this case is in all respects denied.

I decline to issue a certificate of appealability because Deress has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 30, 2008.